Davis *v.* Axelrod, Appellant.

Gemoe *v.* Axelrod, Appellant.

Argued December 5, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*G. A. Troutman,* with him *J. W. McWilliams* and *C. S. Wesley,* for appellant.

*William Charles Brown,* for appellees.

PER CURIAM, January 7, 1935:

These two separate actions to recover for personal injuries are based on the same accident, were tried together and resulted in verdicts rendered for plaintiffs. Both appeals will be disposed of in this opinion.

About two o'clock a. m., September 11, 1932, Davis, an employee of the Penn News Company, was driving a Dodge delivery truck north on Broad Street, Philadelphia, and at the same time the minor defendant was driving a Ford sedan south on that street. While the latter was making a left turn into Wallace Street to travel east, the two cars collided, resulting in both plaintiffs receiving the injuries here sued to recover for. Gemoe, also an employee of the Penn News Company, was riding in the back part of the delivery truck at the time of the accident. The truck was being driven to the North Philadelphia railroad station to receive morning newspapers from New York City.

The testimony adduced at the trial in the lower court as to the happening of the accident was somewhat conflicting. However, defendant conceded the question of liability was for the jury, and admitted the amount awarded Davis was reasonable, if defendant is liable at all. As to Gemoe, defendant asserts the verdict is excessive but to this contention we cannot agree. Defendant's motions for new trial and judgment n. o. v. were

argued before the court in banc, and the following opinion, which states all questions fully and concisely, was subsequently filed by President Judge FINLETTER, whereupon judgment was entered in both cases on the verdict:

"These cases were tried together.

"Defendant concedes that liability was a question for the jury. The motion for judgment n. o. v. was therefore not pressed, nor were any of the reasons for a new trial except those which claimed that the verdicts were excessive. And at the argument the verdict in favor of Arthur Davis was conceded to be reasonable.

"This leaves for discussion only the verdict in favor of James Gemoe.

"Both plaintiffs were the victims of a gasoline fire on a truck on which they were riding. There was a collision with defendant's automobile, as a result of which a gasoline tank in the car in which plaintiffs were riding exploded. In an instant the truck was a mass of flames.

"The plaintiffs were horribly burnt.

"Gemoe's left arm was reduced to the condition of a claw, of distorted bones, and half baked skin. It is utterly useless for any purpose. It is repulsive to look at. Even if he were able to do any work, the appearance of the arm would make it hard for him to obtain employment. Indeed, the unfortunate man would be better off without it.

"The physicians, Drs. Bristol, Geckeler and Blakeslee, have described in detail the condition of the arm. We saw it at the trial and can say that they have exaggerated in nothing.

"The effect of their testimony is that the plaintiff has a useless member, repulsive in appearance, constantly painful, and growing worse, and that he is ruined as a wage earner.

"In wages and hospital expenses up to the time of the trial he has lost $1,400. He is thirty-two years of age, and usually earned $15 a week. He therefore is entitled to a substantial sum on this head. Finally,

the pain of the accident itself must have been excruciating, and the physicians say there has been constant and increasing pain since.

"The verdict is substantial. But does not shock us in view of the horrible injuries and the money loss this plaintiff has sustained.

"There was some effort at the trial to show that the plaintiff's arm was not normal at the time of the accident. The testimony on that subject was not in our opinion convincing—quite the reverse. But it was submitted to the jury, and it would seem from their verdict they had no faith in it."

Both judgments are affirmed on the above opinion of Judge FINLETTER.